United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: CATHY COLEMAN, <br><br>    Debtor. <br>_____ <br><br>EDUCATIONAL CREDIT MANAGEMENT CORPORATION, <br><br>    Appellant, <br><br>    v. <br><br>CATHY COLEMAN, <br><br>    Appellee. <br>_____ | No. C-05-5231 SC <br><br>Bankruptcy No. 04-43327 <br><br>Adversary Proceeding No. 05-4297 <br><br>ORDER AFFIRMING THE BANKRUPTCY COURT'S DECISION |

## I. INTRODUCTION

Appellee Cathy Coleman ("Debtor") filed this adversary proceeding in the United States Bankruptcy Court for the Northern District of California ("Bankruptcy Court") against Appellant Educational Credit Management Corporation ("ECMC"), the holder of Debtor's student loan promissory notes, seeking a partial discharge of her student loan debt ("Debt") under 11 U.S.C. § 523(a)(8) on the ground that excepting her Debt from her bankruptcy discharge would constitute an undue hardship. ECMC then moved to dismiss the Complaint, alleging that the Bankruptcy Court lacked jurisdiction. The Bankruptcy Court denied ECMC's motion.

Presently before the Court is ECMC's appeal from the

1  Bankruptcy Court's order denying the motion to dismiss.
2      For the reasons stated herein, the Court AFFIRMS the decision
3  of the Bankruptcy Court, to which forum the Court REMANDS the
4  action.

**II.  BACKGROUND**

In 2004, Debtor filed a voluntary bankruptcy petition with the United States Bankruptcy Court for the Northern District of California seeking relief under Chapter 13 of the Bankruptcy Code. See Excerpts of Record, Document 4 at 2 ("ER"). The Bankruptcy Court confirmed Debtor's first amended plan for repayment to her creditors and ECMC filed a timely proof of claim. See id. The amended plan, which requires 58 monthly payments, will not, ECMC contends, be completed until late spring or early summer 2009, if at all. See Opening Brief of Appellant ECMC at 1 ("ECMC Brief"). Debtor made repayments totaling $1,000.00. See ER, Document 4 at 2.

In 2005, Debtor filed an adversary action, seeking partial discharge of her Debt on the ground that excepting the Debt (some $106,139.11) from her Chapter 13 discharge would constitute an undue hardship. See id., Document 2 at 1; see also ECMC Brief at 1.

ECMC filed a motion to dismiss Debtor's complaint, contending there - and here on appeal - that the Bankruptcy Court lacks subject matter jurisdiction because the issue of discharge will not be ripe for review until Debtor completes her Chapter 13 plan

1 payments and obtains a discharge.[1]  See ECMC Brief at 3.

2 From the record before this Court, it appears that the
3 Bankruptcy Court has not yet adjudicated the merits of Debtor's
4 Complaint.

5 **III. STANDARD OF REVIEW**

6 In appeals from Bankruptcy Court decisions, District Courts
7 must review de novo the Bankruptcy Court's conclusions of law.
8 See In re Lazar, 83 F.3d 306, 309 (9th Cir. 1996).  The issue of
9 ripeness is a question of law.  See Herrington v. County of
10 Sonoma, 857 F.2d 567, 568 (9th Cir. 1988), cert. denied, 489 U.S.
11 1090.

12 **IV. DISCUSSION**

13 The sole issue before this Court is whether the Bankruptcy
14 Court has subject matter jurisdiction to consider Debtor's
15 Complaint for discharge.

16 ECMC contends that the Bankruptcy Court lacks subject matter
17 jurisdiction because the issues raised in the Complaint are not
18 ripe for adjudication because Debtor is not entitled to a
19 determination of undue hardship until she obtains a discharge,
20 that is, when she has completed her payments under the plan and a
21 discharge has been issued.  See ECMC Brief at 3.

22 A review of bankruptcy law and procedure is appropriate.
23 11 U.S.C. § 523(a)(8) is the "sole mechanism by which debtors may

---

25 [1] In its motion to dismiss in the Bankruptcy Court, ECMC also
26 contended that even if the Bankruptcy Court had jurisdiction, it should wait until Debtor receives a discharge because an early determination would be speculative.  See ER, Document 4 at 3.  ECMC
27 does not raise this issue in this appeal.

28

3

1  seek discharge of student debt." Saxman v. Educational Credit
2  Management Corporation (In re Saxman), 325 F.3d 1168, 1173-1174
3  (9th Cir. 2003).
4     After a debtor has filed a complaint seeking a discharge
5  under section 523(a)(8), a bankruptcy court looks to 11 U.S.C.
6  §§ 1328(a) and (b) for its authority to issue a discharge.
7  Section 1328(a) applies "after completion by the debtor of all
8  payments under the plan." Section 1328(b), on the other hand,
9  states broadly that at "any time after the confirmation of the
10 plan and after notice and a hearing, the court may grant a
11 discharge to a debtor that has not completed payments under the
12 plan only if" the bankruptcy court finds by a preponderance of the
13 evidence that debtor meets certain criteria.[2]
14    In the instant case, because Debtor has not completed
15 payments, the Bankruptcy Court cannot discharge her debt under
16 section 1328(a). Yet, the Bankruptcy Court, if Debtor's case
17 meets the appropriate criteria, could grant a discharge under
18 section 1328(b) because, as required by the statute, Debtor's plan
19 has been confirmed. Therefore, Bankruptcy Court has jurisdiction
20 to hear a Complaint. Thus, it appears that the Bankruptcy Court
21 properly denied ECMC's motion to dismiss.

---

[2] There is a three-part test for a bankruptcy discharge. See In re Pena, 155 F.3d 1108, 1111 (9th Cir. 1998). First, the debtor must establish that, based on current expenses, he cannot maintain a minimal standard of living for himself or his dependents if he is forced to repay the loans. See id. Second, the debtor must establish that additional circumstances exist that this state of affairs is likely to persist for a significant portion of the repayment period. See id. Third, the debtor is required to have made good faith efforts to repay the loans. See id.

4

ECMC cites <u>In re Heincy</u>, 858 F.2d 548 (9th Cir. 1988) as authority in support of its contention to the contrary. In <u>In re Heincy</u>, the Ninth Circuit ruled that discharge in that case was

> not ripe for resolution until the court knows whether the Heincys have successfully completed payments under the plan. <u>See</u> <u>In re Carroll</u>, 61 B.R. 178, 179 (D. Ore. 1986). If the Heincys ultimately complete payments under the plan, their discharge would be controlled by 11 U.S.C. § 1328(a). If they do not, their discharge would be controlled by § 1328(b). Under the latter section, the restitution order would not be dischargeable.

<u>Id</u>. at 550.

If anything, this case supports the Court's position. In <u>In re Heincy</u>, because section 1328(a) was the only avenue for discharge - the debt being non-dischargeable under section 1328(b) because it was for criminal restitution - the bankruptcy court could only grant a discharge under section 1328(a)'s restrictions, viz., after payments under a confirmed plan were completed.[3] In the instant case, because section 1328(b) is the relevant statute, the Bankruptcy Court need not adhere to section 1328(a)'s restrictions.

<u>In re Heincy</u> is also not on point because of its reliance on <u>In re Carroll</u>, 61 B.R. 178, 179 (D. Ore. 1986). In <u>In re Carroll</u>, the court ruled that a <u>plaintiff-creditor's</u> "complaint to deny discharge" in a Chapter 13 bankruptcy proceeding was "premature":

> In the event the debtor completes the plan, he will be entitled to a discharge of all debts except support and long-term debt. 11 U.S.C. § 1328(a). If the debtor does not complete the payments, he may seek a 'hardship' discharge

---

[3] Furthermore, the <u>Heincy</u> court points out that if a debtor has not completed payments under a confirmed plan, he can apply for a discharge under section 1328(b), which is the situation in the instant case.

5

1  under § 1328(b).  In that event, the creditor will be given
2  an opportunity to object to the dischargeability of the debt
   in question at that time.  <u>Id</u>.

3  61 B.R. at 179.  <u>In re Carroll</u> is not factually similar to the
4  instant case because it deals with a plaintiff-creditor's
5  complaint to deny a non-existent request for a discharge, which
6  certainly would not be ripe for review until the debtor requested
7  a discharge.  In contrast, the instant case arises from a
8  complaint for discharge brought by a <u>debtor</u>, not by a plaintiff-
9  creditor.

10 **V.    CONCLUSION**

11      The Court finds that under section 1328(b), the Bankruptcy
12 Court has jurisdiction over the issues raised in the Complaint.
13      Though the Court finds that the Bankruptcy Court has
14 jurisdiction over the Complaint, the Court offers no opinion
15 whether a discharge is appropriate under the facts of this case.
16 The Court, however, reminds Debtor that she faces an uphill
17 battle.  She must prove that she cannot maintain a minimal
18 standard of living if she is forced to repay the loan, that this
19 situation will persist for the time the loan is due to be repaid,
20 and that she has made good faith efforts to repay the loan.
21      The Court AFFIRMS the decision of the Bankruptcy Court and
22 REMANDS the action to the United States Bankruptcy Court for the
23 Northern District of California.
24      IT IS SO ORDERED.
25      Dated: July 7, 2006

                                        _____
                                        UNITED STATES DISTRICT JUDGE

6